UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES K. JOHNSON,

                           Plaintiff,

                                                                             DECISION AND ORDER

                                                                              05-CV-6313L

                        v.

MEDICAL DIRECTOR LESTER WRIGHT,
et al.,

                           Defendants.
_____

      Plaintiff, James K. Johnson, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that defendants, who at all relevant times were employed by DOCS, violated his constitutional rights in connection with plaintiff's treatment for a knee injury during 2004 and 2005, while plaintiff was confined at Five Points Correctional Facility ("Five Points"). Defendants have moved for summary judgment. For the reasons that follow, defendants' motion is granted.

**DISCUSSION**

      Plaintiff alleges that he began seeking treatment for his left knee in early 2004, complaining of pain from a basketball injury that occurred in December 2003. The gist of his complaint is that

little was done for him but prescribing over-the-counter pain medication.  Plaintiff was sent out for an MRI and an examination by an orthopedic physician, but he apparently believed that not enough was being done for him, since he filed a grievance in January 2005 complaining that the ibuprofen he was receiving "does not work" and requesting that he be sent out for an operation to repair his knee.  Complaint (Dkt. #1) at 28.

Plaintiff's grievance was denied, on the ground that plaintiff was in fact scheduled to have surgery in the near future.  *Id.* at 27.  Plaintiff's surgery took place on April 13, 2005 at a hospital in Syracuse.  *Id.* ¶ 45.  Plaintiff alleges, however, that following his surgery, medical staff at Five Points failed to give him pain medication.

Plaintiff then filed this action against various supervisory and medical staff members at Five Points.  He asserts eleven causes of action under the Eighth Amendment to the United States Constitution and a number of New York statutes, and seeks $2,000,000 in damages.

To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendants' actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The Second Circuit has stated that a medical need is "serious" for constitutional purposes if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'"  *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2$^d$ Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995)).  *See also Harrison v. Barkley*, 219 F.3d 132, 136-137 (2$^d$ Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain'") (quoting *Chance*, 143 F.3d at 702).  Among the relevant factors for

determining whether a serious medical need exists are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance*, 143 F.3d at 702 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)).

As to the "deliberate indifference" component, the Supreme Court explained in *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991), that this standard includes both an objective and a subjective component. With respect to the objective aspect, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective element, the court must consider whether the deprivation was brought about by defendants in wanton disregard of those rights. *Id.* To establish deliberate indifference, therefore, plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain. *See id.* at 299; *DesRosiers v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991); *Ross v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992).

The Court in *Estelle* also cautioned that mere negligence is not actionable. "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing

society," *id.* at 105-06. It is clear, then, that allegations of malpractice alone do not state a constitutional claim. *Id.* at 106 n. 14; *Chance*, 143 F.3d at 703-04; *Ross*, 784 F.Supp. at 44.

Likewise, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703; *see also Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) ("The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion").

Applying these standards here, I find that defendants are entitled to summary judgment. Plaintiff cannot establish either component of an Eighth Amendment claim.

First, plaintiff has not presented facts showing the existence of a "serious medical need" for Eighth Amendment purposes. "[C]ourts in this circuit have almost uniformly found similar knee injuries to be insufficient to trigger Eighth Amendment protection and to support a deliberate indifference claim." *Moody v. Pickles*, No. 9:03-CV-850, 2006 WL 2645124, at *6 (N.D.N.Y. Sept. 13, 2006); *see*, *e.g.*, *Williamson v. Goord*, No. 9:02-CV00521, 2006 WL 1977438, at *9-*16 (N.D.N.Y. July 11, 2006) (plaintiff's injuries, including arthrosis, degenerative joint disease in both knees, and a partially torn anterior cruciate ligament, did not impose the risk of death or degeneration, or inflict severe pain, sufficient to satisfy the serious medical condition test); *Taylor v. Kurtz*, No. 00-CV-700, 2004 WL 2414847, at *1-*4 (W.D.N.Y. Oct. 28, 2004) (where plaintiff complained of failure to perform knee surgery until nine months after discovering the tear of a previously repaired anterior cruciate ligament, a torn lateral meniscus, and degenerative arthritis, plaintiff's injury found not to be sufficiently serious to satisfy the Eighth Amendment standard); *Espinal v. Coughlin*, No. 98 CIV. 2579, 2002 WL 10450, at *1-*5 (S.D.N.Y. Jan. 3, 2002) (ruptured

anterior cruciate ligament did not constitute severe injury for purposes of the Eighth Amendment despite a three-year delay in performing surgery while more conservative treatment was attempted); *see also Culp v. Koenigsmann*, No. 99 Civ. 9557, 2000 WL 995495, at *4, *9-*10 (S.D.N.Y. July 19, 2000) (no Eighth Amendment violation where plaintiff suffered from a torn medial meniscus and experienced a one-year delay from injury to surgery).  While the Court is not categorically ruling out knee injuries as a possible basis for an Eighth Amendment claim, the injury alleged here (which the evidence indicates was a torn meniscus, *see* Dkt. #26 Ex. A), was not sufficiently serious to give rise to a constitutional claim.

Plaintiff also cannot show "deliberate indifference" by defendants.  Again, plaintiff was treated for knee pain, and surgery was performed.  That plaintiff may have preferred a more aggressive course of treatment, or more prompt surgery, does not show that defendants acted wantonly with the purpose of causing him pain.

At most, then, plaintiff's claim is that defendants acted negligently and did not take appropriate steps that he claims were necessary, or that they did not take such steps as soon as they should have.  I do not believe such a claim is supportable–it is hardly remarkable that plaintiff's condition would initially be treated with painkillers before resorting to surgery–but even if it were, a claim for negligence or malpractice does not constitute a viable claim of a constitutional violation.  Much more is required.  There is no evidence of any kind that defendants were deliberately indifferent to plaintiff's medical condition, nor is there any proof that they acted with a culpable state of mind or intended in some way to inflict pain on plaintiff.  As stated earlier, mere negligence or medical malpractice does not give rise to a constitutional violation merely because the victim is a prisoner.  *Estelle*, 429 U.S. at 106.  Plaintiff's dissatisfaction with the care that he received is

therefore not sufficient to state a viable § 1983 claim. *See Griswold v. Morgan*, 378 F.Supp.2d 328, 334 (W.D.N.Y. 2005).[1]

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #25) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        March 12, 2007.

---

[1] Having dismissed plaintiff's § 1983 claims, I decline to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. *See First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 183 (2d Cir.2004) ("If the federal claims are dismissed before trial, ... the state claims should be dismissed as well"); *see, e.g.*, *Murphy v. Goord*, 445 F.Supp.2d 261, 266 n. 1 (W.D.N.Y. 2006).